FORDHAM, JUDGE:
Claimant brought this action for vehicle damage which occurred when her 2002 Saturn Ion Quad Coupe struck water on Heizer Creek Road in Putnam County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:00 a.m. on *72 November 20,2003, as claimant was returning from shooting pool at Denver’s Depot in Charleston. On her way home, claimant noticed that respondent had placed barricades and rope to block Manila Creek Road due to the flooding and heavy fog. After finding the road blocked off, claimant took another route home. She proceeded on Heizer Creek Road, which is a two-lane paved road with a speed limit of thirty miles per hour. The low-lying fog affected claimant’s visibility, and she did not realize that the bridge on Heizer Creek Road had flooded. As she proceeded towards the bridge at a speed of thirty-five miles per hour, her vehicle struck water on the road. Claimant stated that her vehicle floated in water that was approximately five feet deep. However, claimant managed to crawl out of one of her vehicle’s windows and swim to safety. Then, claimant called her neighbor, Larry Allen Cavender, for assistance. Claimant stated that the vehicle was towed out of the water twelve hours after the incident occurred.
Claimant’s vehicle was totaled in this incident, and her insurance company paid the fair market value of the vehicle, which is $ 14,922.50. However, claimant’s loss also includes the numerous personal belongings and work supplies she carried in her vehicle. Since claimant worked for an insurance company, she carried gift packets and incentives valued at $178.53. Other items which claimant lost as a result of this incident include work supplies ($54.90), cleaning supplies ($98.02), binders ($13.49), a compact disc case ($13.75), a plug for her cellular telephone ($20.14), a radar detector ($59.87), and miscellaneous items ($1,125.00). Thus, the total amount of loss claimant sustained is $22,008.86.
Claimant contends that respondent failed to provide adequate warnings to the traveling public on Heizer Creek Road. Larry Allen Cavender, claimant’s neighbor who assisted her on the day of the incident in question, testified that the fog laid so low on the road that he could not see the water. When Mr. Cavender drove from his house to the bridge, he did not notice any signs warning the public of the flooding on the road near the bridge. Mr. Cavender stated that he has lived in the Heizer Creek area all of his life, and he could not remember the bridge ever flooding.
It is respondent’s position that it placed warning signs properly on Heizer Creek Road. Daniel Shawn West, who works for the Poca Community Volunteer Fire Department, stated that numerous residents called concerning the high water in the area. Mr. West monitored the roads in Putnam County and assisted respondent in ensuring that the high water did not cause a hazard to the traveling public. Since Mr. West was concerned about the high water on the road, he called respondent to place a sign in that area. Mr. West monitored traffic until respondent arrived to place a warning sign on the road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent is not liable for the conditions on Heizer Creek Road. Claimant has the burden of proof of demonstrating that respondent had actual or constructive notice of the hazardous conditions. Although respondent had actual notice of the conditions on the road, the Court finds that respondent took corrective action to prevent harm to the traveling public on Heizer Creek Road. Mr. West’s testimony demonstrates that he worked, in *73 collaboration with respondent, to take adequate measures to protect the traveling public from the high water on Heizer Creek Road. Claimant stated that she never saw a sign in the area in question. However, based on Mr. West’s testimony, the Court finds that respondent had placed a sign to warn the public of the hazardous conditions on the road. Although the Court is sympathetic to claimant’s plight, there is insufficient evidence of negligence on the part of respondent upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.